IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY PEACOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-1710-D |
| VS. | § | |
| | § | |
| INSURANCE AND BONDS AGENCY | § | |
| OF TEXAS, PLLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Insurance and Bonds Agency of Texas, LCC ("IBTX"), former employer

of plaintiff Jerry Peacock ("Peacock"), moves under Fed. R. Civ. P. 12(b)(3) to transfer this

action to the Western District of Texas, San Antonio Division.  For the reasons that follow,

the court dismisses Peacock's declaratory judgment claim without prejudice to refiling in

Bexar County, Texas and denies the motion as to his claim under the Age Discrimination in

Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

I

This suit arises from Peacock's termination from IBTX, an insurance company.

Peacock worked as an insurance salesman for almost 20 years.  He began his career at

Cadenhead Shreffler and, when that company merged with another insurance company in

2007, he continued working for the resulting entity, IBTX.

Shortly after the merger, Peacock signed an employment agreement ("Agreement")

that contained a non-compete agreement and a forum selection clause.  The forum selection

clause provided that "[v]enue of any action brought under or in respect of this Agreement shall be in Bexar County, Texas."  In early 2012 IBTX terminated Peacock's employment and distributed his clients to other IBTX employees, some of whom live in the Dallas-Fort Worth Metroplex (the "Metroplex").  Peacock anticipates calling these persons as witnesses. At the time of his termination, Peacock was based out of, and all his clients had an office in, the Metroplex.

Peacock sued IBTX in Texas state court, alleging that his termination violated the ADEA.  IBTX removed the case to this court and filed an answer.  Peacock then obtained leave to amend his complaint to add a declaratory judgment claim.  In this claim he alleged that the non-compete covenant in the Agreement was void because it was not supported by consideration and that it failed to comply with Tex. Bus. & Com. Code Ann. § 15.50(a). IBTX moves to transfer venue of this lawsuit to the Western District of Texas, San Antonio Division (which includes Bexar County), based on the Agreement's forum selection clause.[1] Peacock opposes the motion.

II

The court turns first to Peacock's argument that IBTX's motion must be denied based on two procedural defects: IBTX waived its venue challenge and did not support its motion with valid evidence.

_____

[1]IBTX has also filed an August 10, 2012 motion to supplement its motion to transfer. For the reasons explained *infra* at § II(B), the court denies the motion as moot.

A

Under Rule 12(h)(1), a challenge to improper venue is waived if not asserted by proper motion or in a responsive pleading.  Peacock asserts that because IBTX filed an answer to his state-court petition without asserting the defense of improper venue, IBTX cannot now raise the defense.  This argument is misplaced, however, because "Rule 12(h)(1) does not provide for waiver if the omitted defense was unavailable when the party answered."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, at 512 (3d ed. 2004); *see also* Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 12 (West 2012) ("[T]he filing of an amended complaint creates a new opportunity to raise *new* defenses.").  Thus "a failure to object to venue initially will not bar an assertion of the defense when the defendant finally is apprised of the nature of the claim against him and it reveals a lack of venue[.]"  5C Wright & Miller, *supra*, § 1391, at 512–13.

Following removal, and after IBTX answered Peacock's state-court petition asserting only an ADEA claim, Peacock filed an amended complaint that included the declaratory judgment claim that IBTX argues is governed by the forum selection clause.  The defense of improper venue was not available to IBTX until Peacock filed his amended complaint.[2]

---

[2]Neither party argues that the forum selection clause applies to Peacock's ADEA claim.

The court therefore concludes that IBTX did not waive its Rule 12(b)(3) defense.[3]

B

Peacock also contends that IBTX's motion must be denied because it is not supported by proper proof.

A defendant moving for dismissal under Rule 12(b)(3) may rely on "unsworn or unauthenticated" evidence when the authenticity of the evidence is uncontested. *See Noble Drilling, Inc. v. M/V OSC VLISTDIEP*, 2011 WL 1399243, at *5 (E.D. La. Apr. 12, 2011) (holding that unsworn evidence submitted in support of motion to dismiss for improper venue was "competent evidence" where plaintiff "[could] not and [did] not dispute the documents' authenticity in any meaningful fashion").  Although there are circumstances in which evidence must be sworn to support a motion to dismiss, *see, e.g.*, *American University System, Inc. v. American University*, 2012 WL 847035, at *2 (N.D. Tex. Mar. 13, 2012) (Lindsay, J.) (describing burden shifting procedure under Rule 12(b)(2)), absent an established and contrary paradigm, it is appropriate to consider unsworn yet uncontested evidence, *cf. Karazanos v. Madison Two Associates*, 147 F.3d 624, 626 (7th Cir. 1998) (holding that, for Rule 12(b)(1) motion to dismiss, district court can consider unsworn statements).

IBTX has attached the Agreement as an exhibit to its motion.  In response, Peacock

---

[3]The conclusion that IBTX waived its venue challenge would not advance Rule 12(h)'s purpose of "prevent[ing] defendants from attempting to delay the proceedings by piecemeal presentation of preliminary defenses." *Experian Info. Solutions, Inc. v. F.T.C.*, 2001 WL 257834, at *4 (N.D. Tex. Mar. 8, 2001) (Sanders, J.) (citations omitted).

has submitted his own affidavit in which he partially corroborated the Agreement by confirming the existence of a signed employment agreement with IBTX from 2007. Nowhere in his response or affidavit does Peacock challenge the authenticity of the exhibit or its contents.[4] Absent a dispute regarding the authenticity of the Agreement or its contents, the fact that the exhibit is unsworn does not preclude the court from considering it in deciding IBTX's motion.

Furthermore, Peacock's reliance on *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir. 1973), is misplaced.  In *Plum Tree* the Third Circuit held in the context of a motion to transfer under 28 U.S.C. § 1404(a) that it was insufficient for the defendant to rely only on a contract.  *Id.* at 756–57.  To support its motion, the defendant was obligated to submit other evidence, which the court suggested should include affidavits.  *Id*. at 757 n.2.  This ruling, however, was premised on the fact that the defendant in *Plum Tree* had filed a § 1404(a) motion and was therefore required to show inconvenience.  Without more than a contract with a forum selection clause, the court held that there was "no evidence" on which the district court could have concluded that the defendant had made this showing.  *Id.* at 756. But unlike *Plum Tree*, IBTX's motion is based on the undisputed terms of a forum selection clause, not a showing under § 1404(a).  And it is recognized that a contractual forum selection clause can of itself dictate the venue of a lawsuit.  *See M/S Bremen and Unterweser*

---

[4]As a point of clarity, Peacock does challenge the contents in the sense that he argues the contract is void.  What Peacock does not challenge is that the contract attached to IBTX's motion is the contract he signed.

*Reederei, GmBH v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972). *Plum Tree* is therefore inapposite.

III

The court now turns to the substance of IBTX's motion to transfer.

A

IBTX entitles its motion a motion to transfer, not a motion to dismiss for improper venue. Nonetheless, "the court does not limit itself to labeling or nomenclature" but instead "look[s] at . . . the substance and effect of the motion." *G.E. Capital Commercial, Inc. v. Worthington Nat'l Bank*, 2012 WL 2159185, at *3 (N.D. Tex. June 13, 2012) (Lindsay, J.) (addressing motion for mistrial); *see also Agueros v. Vargas*, 2008 WL 4179452, at *2 (W.D. Tex. Sept. 5, 2008) ("It is not the title of the motion that governs its consideration, but the substance."). Because IBTX states that its motion is filed under Rule 12(b)(3), does not invoke § 1404(a) or its judicially created test for inconvenience,[5] and sets forth the *M/S Bremen* test as the governing standard, the court understands that IBTX is attempting to establish improper venue and to demonstrate that the case should be transferred under 28 U.S.C. § 1406. *See* 28 U.S.C. § 1406(a) (providing that district court should dismiss if venue is improper, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

---

[5]In its reply, IBTX does address inconvenience and the factors of *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam), but it does so while maintaining that *M/S Bremen* provides the appropriate analytical framework.

B

In this circuit, a motion to dismiss based on a forum selection clause is properly brought under Rule 12(b)(3). *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901–02 (5th Cir. 2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate." (citations omitted)).   When the court considers a motion to dismiss based on a forum selection clause, it applies the standard set out in *M/S Bremen. See, e.g., Bonded Inspections, Inc. v. Northrop Grumman Corp.*, 1998 WL 185518, at *2 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.) (addressing dismissal or transfer under § 1406(a)).   Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Launey v. Carnival Corp.*, 1997 WL 426095, at *1 (E.D. La. July 25, 1997) (internal quotation marks omitted) (quoting *M/S Bremen*, 407 U.S. at 10).

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12–13, 15, 18).   The party who seeks to avoid application of a forum selection clause "bears a heavy burden of

- 7 -

proof justifying its avoidance." *Launey*, 1997 WL 426095, at *2.

C

The court must first determine whether the forum selection clause applies to the ADEA claim, the state law claim, or both.  "Because the forum selection clause is part of a contract, principles of contract interpretation apply."  *IMCO Recycling, Inc. v. Warshauer*, 2001 WL 1041799, at *3 (N.D. Tex. Aug. 31, 2001) (Fitzwater, J.) (citing *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991)).  "In determining whether the forum selection clause applies, the court will assume not only that federal law governs the determination of whether an enforceable forum selection clause exists, but also that federal law controls whether [Peacock's] lawsuit falls within the scope of the forum selection clause."  *Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, 2009 WL 3645094, at *3 (N.D. Tex. Nov. 2, 2009) (Fitzwater, C.J.) (internal quotation marks and citation omitted).

The forum selection clause states: "[v]enue of any action brought under or in respect of this Agreement shall be in Bexar County, Texas."  The term "shall" makes clear that the language is mandatory by going "beyond establishing that a particular forum will have jurisdiction and [] clearly demonstrat[ing] the parties' intent to make that jurisdiction exclusive."  *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *see also Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994) (noting that "shall" in forum selection clauses is "generally mandatory").  In fact, Peacock does not challenge that, if the forum selection clause applies to a given dispute, it is mandatory.

The parties agree that the clause governs Peacock's declaratory judgment claim, because that cause of action directly challenges the validity of the Agreement's covenant not to compete. Peacock's ADEA-based claim for wrongful termination based on age, however, does not directly challenge any provision in the Agreement and is not brought under the Agreement.[6]  IBTX's motion to transfer is therefore limited to Peacock's declaratory judgment claim.

D

The remaining question is whether the forum selection clause is enforceable. Peacock has not adduced any evidence that the clause is "unreasonable under the circumstances," *Launey*, 1997 WL 426095, at *1 (citation omitted), other than that which also supports his contention that the Western District would be an inconvenient forum under a § 1404(a) analysis. Although an extreme case of inconvenience could perhaps amount to depriving the plaintiff of "his day in court," *Haynsworth*, 121 F.3d at 963 (citation omitted), transferring the case from Dallas to San Antonio, Texas does not rise to this level.

Peacock argues that it will be burdensome for him to travel to San Antonio because of his finances, but this court has found that "inconveniences and expenses" for the plaintiff and its witnesses are "insufficient to preclude enforcement of [a forum selection] clause." *Ward Packaging, Inc. v. Schiffman*, 2002 WL 31086077, at *2 (N.D. Tex. Sept. 13, 2002)

---

[6]And even if the ADEA claim were within the forum selection clause's scope, IBTX waived its right by not asserting that defense before filing its answer. *See supra* § II(A); Rule 12(h)(1).

(McBryde, J.) (enforcing forum selection clause selecting Cook or Lake County, Illinois as the proper venue).  Peacock also posits that many witnesses whom he intends to call will be beyond the Western District of Texas' subpoena power.  But the "inability to call live witnesses (as opposed to deposition witnesses, for example) hardly deprives the plaintiff of [his] day in court."  *Doran v. Carnival Cruise Lines, Inc.*, 1999 WL 33310423, at *2 (E.D. La. Aug. 26, 1999).  The forum selection clause is therefore enforceable.

E

Having concluded that the forum selection clause is enforceable only as to the declaratory judgment claim, the court must address a jurisdictional issue.  This court has supplemental jurisdiction over Peacock's declaratory judgment claim under 28 U.S.C. § 1367, because the claim is part of the same nucleus of facts as the ADEA claim on which removal jurisdiction was predicated.  *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012) ("[Section] 1367 gives the court discretion to exercise jurisdiction over state-law claims when: (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts.") (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997)).  But if the court transfers only the declaratory judgment claim, the case will consist of a state-law claim involving non-diverse parties, i.e., one over which the Western District of Texas will not have subject matter jurisdiction.  The Western District of Texas cannot remand the declaratory judgment claim to a state court sitting in Bexar County, Texas because that claim was not filed in, and removed from, state court in the first place.  *See Bruneau v. Fed. Deposit Ins. Corp.*, 785 F. Supp. 585, 590 (E.D. La.

1992) ("[T]he Court cannot remand a case that was not initially removed."). Nor can this court remand the declaratory judgment claim alone to state court. In addition to the fact that the claim was not removed from state court, venue is fixed in Bexar County, Texas, not in a state court sitting in the Dallas Division of this court. Moreover, this court cannot transfer the case to the Western District of Texas because the case could not have been brought there. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*." (emphasis added). The court therefore concludes that Peacock's declaratory judgment claim should be dismissed without prejudice to being refiled in a court in Bexar County, Texas that has subject matter jurisdiction over the claim. *See* § 1406(a) (permitting dismissal of case where venue is improper). By dismissing the case without prejudice, IBTX is able to secure venue as provided under the forum selection clause, Peacock is able to prosecute the claim in a court that has subject matter jurisdiction, and the Western District of Texas is not burdened with dismissing a case over which it lacks subject matter jurisdiction.[7]

\*   \*   \*

For the reasons explained, the court dismisses Peacock's declaratory judgment claim without prejudice to refiling in Bexar County, Texas, and it denies IBTX's June 29, 2012

---

[7]Even if the Western District of Texas had subject matter jurisdiction over the declaratory judgment claim, under 28 U.S.C. § 1367(c)(2) it could "decline to exercise supplemental jurisdiction . . . if—the district court has dismissed all claims over which it has original jurisdiction[.]"

motion to transfer venue to the Western District of Texas, San Antonio Division, to the extent addressed to Peacock's ADEA claim.  IBTX's August 10, 2012 motion to supplement its motion to transfer is denied as moot.

**SO ORDERED.**

August 28, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE